# EXHIBIT A

Matthew S. McNicholas, Esq., State Bar No. 190249
Jeffrey R. Lamb, Esq. – State Bar No. 257648
Richard W. Powers, Esq. – State Bar No. 346868
**McNICHOLAS & McNICHOLAS, LLP**
10866 Wilshire Boulevard, Suite 1400
Los Angeles, CA  90024-4338
Tel: (310) 474-1582
Fax: (310) 475-7871
E-mail: msm@ mcnicholaslaw.com
E-mail: jrl@mcnicholaslaw.com
E-mail: rwp@mcnicholaslaw.com

Electronically FILED by
Superior Court of California,
County of Los Angeles
4/08/2024 4:43 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By L. Perez, Deputy Clerk

Attorneys for Plaintiff ALICIA SERRATOS

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| ALICIA COCO SERRATOS,<br><br>Plaintiff,<br>v.<br><br>SHARKNINJA, INC., a Delaware Corporation;<br>SHARKNINJA OPERATING, LLC., a<br>Delaware Limited Liability Company; and<br>DOES 1 through 100, Inclusive,<br><br>Defendants. | Case No.:  24NNCV00823<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **STRICT PRODUCTS LIABILITY**<br>2. **NEGLIGENCE (PRODUCTS LIABILITY)**<br>3. **BREACH OF WARRANTY (EXPRESS/IMPLIED/FITNESS)**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff ALICIA COCO SERRATOS hereby demands a jury trial and complains and alleges, based on information and belief, against Defendants SHARKNINJA INC., SHARKNINJA OPERATING, LLC, and DOES 1 through 100, Inclusive, as follows:

### PARTIES

1.    At all times relevant herein, Plaintiff ALICIA COCO SERRATOS (hereinafter "Plaintiff") was an individual residing in Los Angeles County, State of California, and is a competent

1

Complaint for Damages

adult.

2. Plaintiff is informed and believes that at all times relevant herein, Defendant SHARKNINJA INC. (hereinafter "Defendant SharkNinja Inc.") was a Delaware corporation duly organized and existing in the State of California with its principal place of business in Needham, Massachusetts.

3. Plaintiff is informed and believes that at all times relevant herein, Defendant SHARKNINJA OPERATING, LLC (hereinafter "Defendant SharkNinja") was a Delaware limited liability company duly organized and existing in the State of California with its principal place of business in Needham, Massachusetts.

4. Plaintiff is further informed and believes that at all times herein mentioned, Defendants SharkNinja, SharkNinja Inc., and DOES 1–10, inclusive, are corporations or entities that have systematically done business in the State of California, including, but not limited to, in Los Angeles County, through manufacturing products, including blending machines, and other items and through other actions, including placing its products into the stream of commerce such that they are expected to and do reach consumers, including Plaintiff, in the State of California.

5. Plaintiff is further informed and believes that at all times herein mentioned, Defendants DOES 11-20, inclusive, are corporations or entities that have systematically done business in the State of California, including, but not limited to, in Los Angeles County, through distributing products, including blending machines, and other items and through other actions, including placing its products into the stream of commerce such that they are expected to and do reach consumers, including Plaintiff, in the State of California.

6. Plaintiff is further informed and believes that at all times herein mentioned, Defendants DOES 21-30, inclusive, are corporations or entities that have systematically done business in the State of California, including, but not limited to, in Los Angeles County, through selling products, including blending machines, and other items and through other actions, including placing its products into the stream of commerce such that they are expected to and do reach consumers, including Plaintiff, in the State of California.

7. Plaintiff is further informed and believes that at all times relevant herein, Defendants

2

Complaint for Damages

SharkNinja, SharkNinja Inc., and DOES 1-100, inclusive, were in the business of designing, manufacturing, assembling, testing, inspecting, selling, distributing, maintaining, and repairing blending machines, and provided warnings and distributed warnings and advisements for their products including the Nutri Ninja Pro – BL456 30 DOB and its component parts.

8.     Plaintiff is ignorant to the true names and capacities of any defendants designated herein as DOES 1-100, inclusive, and Plaintiff therefore sues said defendants by such fictitious names, pursuant to Code of Civil Procedure § 474.  Plaintiff is informed and believes and, on such information and belief, alleges that each Doe defendant is responsible in some manner for the events alleged herein, and Plaintiff will amend the Complaint to state the true names and capacities of said defendants when the same have been ascertained.

9.     Plaintiff is informed and believes and thereon alleges that at all times relevant herein, Defendants DOES 1-100, inclusive, and each of them, are individuals, businesses, public entities, or otherwise, and the precise nature of which is not presently known to Plaintiff, and said Defendants were and are authorized to do business in the State of California, including, but not limited to, in the County of Los Angeles, California.  Once the exact nature of said Defendants is ascertained by Plaintiff, Plaintiff will amend this Complaint to allege Defendants' correct status and capacity.

10.     Defendants and DOES 1-100 are and, at all times mentioned herein, were the agents, servants, and employees and/or joint venturers of their Co-Defendants and, in doing the things herein alleged, were acting within the course, scope, purpose and authority of said agency, employment, and/or joint venture and as agents, servants, and employees acted with the permission and consent of their Co-Defendants and/or said acts and/or omissions were ratified by their Co-Defendants.  That and each and every Defendant as aforesaid, when acting as a principal, was negligent in the selection and hiring of each and every Defendant as an agent, servant, employee, or joint venture.

**GENERAL ALLEGATIONS**

11.     Plaintiff purchased a Nutri Ninja Pro – BL 456 30 DOB (hereinafter "Ninja Pro") from Defendants DOES 21-30 in the normal stream of commerce.

12.     On June 3, 2023, at or around 7:00 p.m., Plaintiff, while at her residence in Glendale, California, attempted to use the Ninja Pro for the purpose and manner it was designed, manufactured,

Complaint for Damages

assembled, inspected, tested, sold, and intended to be used that was reasonably foreseeable to Defendants and in a condition without substantial change from its original condition when sold by Defendants, inclusive.

13.    On June 3, 2023, at or around 7:00 p.m., Plaintiff put liquid and a powder mixture into the Ninja Pro to make a face mask. After around thirty (30) seconds of the Ninja Pro being turned on, the Ninja Pro malfunctioned causing Plaintiff to sustain severe injuries. While the Ninja Pro was turned on, the blade, plastic lid, plastic cup, and/or other components of the Ninja Pro, broke and/or detached from the machine, hitting and/or otherwise causing contact and deep lacerations to Plaintiff's right arm.

14.    Upon information and belief, Defendants SharkNinja, SharkNinja Inc., and DOES 1-10, inclusive, and each of them, manufactured and introduced the Ninja Pro to the stream of commerce.

15.    Upon information and belief, Defendants SharkNinja, SharkNinja Inc., and DOES 11-20, inclusive and each of them, distributed and introduced the Ninja Pro to the stream of commerce.

16.    Upon information and belief, Defendants SharkNinja, SharkNinja Inc., and DOES 21-30, inclusive and each of them, introduced the Ninja Pro to the stream of commerce in Los Angeles County and subsequently sold the blending machine to Plaintiff.

17.    As a result of the Ninja Pro malfunctioning, Plaintiff suffered, *inter alia*, multiple lacerations to her right arm, nerve damage to her body, and damage to her lungs. As a result of her injuries, Plaintiff was hospitalized and had to undergo surgery.

18.    Plaintiff is informed and believes that as a result of the actions and/or omissions of Defendants SharkNinja, SharkNinja Inc., and DOES 1-100, inclusive, and each of them, Plaintiff sustained severe injuries.

## FIRST CAUSE OF ACTION

## STRICT PRODUCTS LIABILITY

### (Brought by Plaintiff Against All Defendants and Does 1-100)

19.    Plaintiff realleges and incorporates each and every allegation contained in this Complaint as if fully stated herein.

20.    At all times relevant herein, Defendants SharkNinja, SharkNinja Inc., and DOES 1-10, inclusive, and each of them, by and through their officers, directors, employees, and/or managing agents,

4

Complaint for Damages

were the manufacturers, fabricators, designers, assemblers, testers, distributors, sellers, inspectors, installers, servicers, marketers, warrantors, suppliers, and/or advertisers of the blending machines and/or its component parts, which contained design and/or manufacturing defects, and were capable of causing, and in fact did cause, personal injuries while being used in a manner reasonably foreseeable, thereby rendering the same unsafe and dangerous for users. Additionally, Defendants SharkNinja, SharkNinja Inc., and DOES 1-10, inclusive, and each of them, wrote, approved, and provided inadequate warnings and instructions for the use, operation, inspection, and/or maintenance of the Ninja Pro and its component parts, and otherwise failed to provide proper and adequate warnings.

21. At all times relevant herein, the Ninja Pro and its component parts, manuals, and documentation, including its instructions and warnings, were being operated and used for the purposes and in the manner for which they were designed, manufactured, assembled, inspected, tested, sold, and intended to be used and were used in a manner that was reasonably foreseeable to Defendants, and were in a condition without substantial change from their original condition when they were sold by Defendants SharkNinja, SharkNinja Inc., and DOES 21-30, inclusive, and each of them.

22. Defendants SharkNinja, SharkNinja Inc., and DOES 1-10, inclusive, and each of them, are negligent for designing, manufacturing, and selling a blending machine that was not equipped to be used in the manner it was intended to be used. They failed to sell a blending machine that was designed to function with proper use and that was manufactured with the necessary parts and components to ensure the blending machine was safe for regular use. Defendants, inclusive, also failed to adequately warn of the dangers of the blending machine. Defendants SharkNinja, SharkNinja Inc., and DOES 1-10, inclusive, and each of the, further failed to confirm the safety of their product and that the Ninja Pro would be functional for its intended use.

23. The Ninja Pro as designed, manufactured, and sold with the manufacturing and design defects and warning defect, caused personal injuries to Plaintiff, while being used in a manner consistent in which the blending machine was intended to be used. Due to the defects, the Ninja Pro was rendered unsafe and dangerous for use by the consumer.

24. At all times relevant herein, the Ninja Pro and/or its component parts were defective, not fit for their intended purposes, and unreasonably dangerous by reason of defective design, manufacture,

5

Complaint for Damages

assembly, inspection, testing, warning, instruction, and/or sale, and had inadequate warnings on the part of Defendants SharkNinja, SharkNinja Inc., and DOES 1-10, inclusive, and each of them.

25.    At all times relevant herein, Defendants SharkNinja, SharkNinja Inc., and DOES 11-20, inclusive, and each of them, were the distributors of the Ninja Pro and Defendants distributed the Ninja Pro to Plaintiff. The Ninja Pro was received by Plaintiff with no substantial changes in condition to which the blending machine was manufactured for sale.  Defendants SharkNinja, SharkNinja Inc., and DOES 11-20, inclusive, and each of them, breached their duty of care by distributing Plaintiff a defective product.

26.    Defendants SharkNinja, SharkNinja Inc., and DOES 11-20, inclusive, and each of them, were negligent because they distributed a blending machine that was incapable of performing the tasks for which it was designed.

27.    At all times relevant herein, Defendants SharkNinja, SharkNinja Inc., and DOES 21-30, inclusive, and each of them, were the sellers of the Ninja Pro and Defendants sold the Ninja Pro to Plaintiff.  The Ninja Pro was received by Plaintiff with no substantial changes in condition to which the blending machine was manufactured for sale.  Defendants SharkNinja, SharkNinja Inc., and DOES 21-30, inclusive, and each of them, breached their duty of care by selling Plaintiff a defective product.

28.    Defendants SharkNinja, SharkNinja Inc., and DOES 21-30, inclusive, and each of them, were negligent because they sold a blending machine that was incapable of performing the tasks for which it was designed.

29.    The aforementioned defects and the defective and unreasonably dangerous and unsafe condition of the Ninja Pro, its accessories, component parts, manuals, and documentation, including its instructions and warnings, and the failure of Defendants to fix the defects and dangerous condition of the Ninja Pro, were a substantial factor in causing Plaintiff's harm.

30.    As a direct result and consequence of the acts and/or omissions of Defendants SharkNinja, SharkNinja Inc., and DOES 1 through 100, the Ninja Pro caused Plaintiff to sustain severe injuries. Further, Plaintiff was hurt and physically injured, sustaining medical bills, loss of earnings/earnings capacity, pain, suffering, loss of enjoyment of life and other damages, and will continue to sustain such damages in the future.

6

Complaint for Damages

31. Plaintiff's general and special damages are in an amount in excess of the jurisdictional limits of all lower Courts, which will be shown according to proof at time of trial. By reason of the foregoing, Plaintiff has been damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## SECOND CAUSE OF ACTION

## NEGLIGENCE (PRODUCTS LIABILITY)

### (Brought by Plaintiff Against All Defendants and Does 1-100)

32. Plaintiff realleges and incorporates each and every allegation contained in this Complaint as if fully stated herein.

33. Defendants SharkNinja, SharkNinja Inc., and DOES 1-100, inclusive, and each of them, had a duty to Plaintiff to use reasonable care in manufacturing, designing, assembling, inspecting, testing, and selling the Ninja Pro, its accessories, component parts, manuals, and documentation, including its instructions, manuals, and warnings.

34. Plaintiff's injuries were caused and contributed to by the breach of Defendants SharkNinja, SharkNinja Inc., and DOES 1-100's, inclusive, and each of them, duty of care owed to Plaintiff and by Defendants' careless, negligent, unlawful, and wrongful acts and/or omissions. Defendants SharkNinja, SharkNinja Inc., and DOES 1-100, inclusive, and each of them, breached said duty in that they carelessly manufactured, designed, assembled, inspected, tested, sold, and otherwise distributed the Ninja Pro. Additionally, Defendants SharkNinja, SharkNinja Inc., and DOES 1-100, inclusive, and each of them, breached their duty of care with regard to the Ninja Pro's manuals and documentation, including its instructions and warnings related to the blending machine and its accessories, and component parts. Further, Defendants, inclusive, carelessly failed to warn of the dangers inherent in using the Ninja Pro and its accessories and component parts through the instructions and warnings for the blending machine.

35. Defendants SharkNinja, SharkNinja Inc., and DOES 1-100, inclusive, and each of them, at all times pertinent hereto acted negligently and/or below the applicable standard of care in their sale, storage, advertisement, marketing, maintenance, transport, warning, and inspection of the Ninja Pro.

36. As a direct result and consequence of the acts and/or omissions of Defendants, the Ninja

7

Complaint for Damages

Pro caused Plaintiff to sustain severe injuries. Further, Plaintiff was hurt and physically injured, sustaining medical bills, loss of earnings/earnings capacity, pain, suffering, loss of enjoyment of life and other damages, and will continue to sustain such damages in the future.

37.    Plaintiff's general and special damages are in an amount in excess of the jurisdictional limits of all lower Courts, which will be shown according to proof at time of trial. By reason of the foregoing, Plaintiff has been damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### THIRD CAUSE OF ACTION

### BREACH OF WARRANTY (EXPRESS/IMPLIED/FITNESS)

### (Brought by Plaintiff Against All Defendants)

38.    Plaintiff realleges and incorporates each and every allegation contained in this Complaint as if fully stated herein.

39.    Prior to the events giving rise to this action, Defendants SharkNinja, SharkNinja Inc., and DOES 1-100, inclusive, and each of them, expressly and/or impliedly warranted and represented that the Ninja Pro, its accessories, component parts, manuals, and documentation, including its instructions and warnings, were of merchantable quality, fit, and safe for the purpose for which they were designed, manufactured, assembled, inspected, tested, sold, serviced, repaired, maintained, intended, and used, and Defendants further warranted that the Ninja Pro and its accessories and component parts were free from all defects.

40.    Defendants SharkNinja, SharkNinja Inc., and DOES 1-100, inclusive, and each of them, breached said warranties in that the Ninja Pro, its accessories, component parts, manuals, and documentation were not of merchantable quality, or fit and safe for the purposes for which they were designed, manufactured, assembled, inspected, tested, sold, serviced, repaired, maintained, intended, and used, and further was not free from all defects.

41.    As a direct result and consequence of the acts and/or omissions of Defendants, inclusive, the Ninja Pro caused Plaintiff to sustain severe injuries. Further, Plaintiff was hurt and physically injured, sustaining medical bills, loss of earnings/earnings capacity, pain, suffering, loss of enjoyment of life and other damages, and will continue to sustain such damages in the future.

8

Complaint for Damages

42. Plaintiff's general and special damages are in an amount in excess of the jurisdictional limits of all lower Courts, which will be shown according to proof at time of trial. By reason of the foregoing, Plaintiff has been damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff ALICIA COCO SERRATOS, prays for the following damages and relief:

1. For general damages according to proof and in accordance with California *Code of Civil Procedure* section 425.10;

2. For all economic damages according to proof and in accordance with California *Code of Civil Procedure* section 425.10;

3. For past and future medical expenses;

4. For costs of suit incurred herein;

5. For damages for Plaintiff's emotional distress and pain and suffering;

6. For all past and future damages;

7. For prejudgment interest, according to proof;

8. For all statutorily allowed damages; and

9. For such other relief as the Court may deem just and proper.

Dated: April 5, 2024                    McNICHOLAS & McNICHOLAS, LLP

By:_____
          Matthew S. McNicholas, Esq.
          Jeffrey R. Lamb, Esq.
          Richard W. Powers, Esq.
          Attorneys for Plaintiff
          ALICIA SERRATOS

9

Complaint for Damages

## DEMAND FOR JURY TRIAL

Plaintiff ALICIA COCO SERRATOS hereby demands a trial by jury.

Dated: April 5, 2024                    McNICHOLAS & McNICHOLAS, LLP

By:_____
                    Matthew S. McNicholas, Esq.
                    Jeffrey R. Lamb, Esq.
                    Richard W. Powers, Esq.
                    Attorneys for Plaintiff
                    ALICIA SERRATOS

10

Complaint for Damages